**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Milo Noble, | No. CV-19-03289-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Michael Morrissey's Report and Recommendation (R&R) to deny Andrew Noble's Petition for Writ of Habeas Corpus (Doc. 1), grant his Motion for Leave to File a Certificate of Appealability (Doc. 18), deny his Motion for Extension of Time to File a Response (Doc. 22) and grant Respondents' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 20). Petitioner's sole objection (Doc. 25) does not change the outcome of this case. For the reasons expressed herein, the Court denies the Petition and Motion for Extension of Time. It also grants the Motion to Dismiss and the Motion for Leave to File a Certificate of Appealability.

**I.   BACKGROUND**

Andrew Noble was convicted for child molestation and kidnapping. In 1990, he filed his first habeas petition concerning the convictions. (Doc. 24 at 1.) This Court denied that petition, and the Ninth Circuit affirmed. (*Id*.) Last year, Mr. Noble filed another habeas petition concerning the same convictions. (Doc. 1.) The Attorney General filed a Limited Response (Doc. 23) as well as a Motion to Dismiss on the grounds that the Ninth

Circuit has not given Mr. Noble the requisite leave to file a successive habeas petition. (Doc. 20 at 2.) In addition to his Petition, Mr. Noble filed a Motion for Leave to File a Certificate of Appealability (Doc. 18) and a Motion for Extension of Time to Respond to the Motion to Dismiss (Doc. 22.)

The R&R concludes that Mr. Noble filed a successive petition and this Court does not have jurisdiction to hear it until the Ninth Circuit grants him leave. (Doc. 24 at 5.) As such, it recommends that the Court dismiss the Petition but grant a certificate of appealability so that Mr. Noble may seek leave to file a successive petition. (*Id*. at 6.) It also recommends denying as moot the Motion for an Extension of Time. (*Id*.)

Mr. Noble's Objection argues that the R&R should have specified that his habeas petition contains a claim for ineffective assistance of not only trial counsel but also post-conviction counsel. (Doc. 25.)

## II.    LEGAL STANDARD

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, "it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). When reviewing a Magistrate Judge's R&R, this Court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). District courts are not required to "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.   DISCUSSION

The Court has reviewed the R&R. It has also reviewed Petitioner's Objection that the R&R should have mentioned that he raised ineffective assistance claims against not only trial counsel but also post-conviction counsel. (Doc. 25 at 2.) The Court finds that even without explicitly distinguishing between trial and post-conviction counsel while discussing the ineffective assistance claims, the R&R sufficiently summarized the grounds

for which the Petition sought relief. In any event, the objection is not material as it does not affect the R&R's conclusion that this is a successive petition.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED adopting** the R&R (Doc. 24) and **denying** the Petition (Doc. 1).

**IT IS FURTHER ORDERED granting** the Motion to Dismiss (Doc. 20) and **denying** as moot the Motion for Extension of Time (Doc. 22).

**IT IS FURTHER ORDERED granting** the Motion for Leave to File a Certificate of Appealability (Doc. 18) for the limited purpose of seeking leave to file a successive habeas petition.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 24th day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge